THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| MARIA DE LOS ANGELES RAMIREZ URBINA, Individually and as Representative of the Heirs of CARLOS ADOLFO GUZMAN HERNANDEZ, Deceased, and Personal Representative of the ESTATE OF CARLOS ADOLFO GUZMAN HERNANDEZ,<br><br>Plaintiffs,<br><br>v.<br><br>SELVIN L. ORIOSO; SUBURBAN RELOCATION SYSTEMS; PARAGON MOVING AND STORAGE, INC; AMRIT EZRA; SARIT GAVISH; PENSKE TRUCK LEASING CORPORATION, PENSKE CORPORATION and DOES I-XV,<br><br>Defendants. | MEMORANDUM DECISION AND ORDER GRANTING [20] MOTION FOR REMAND<br><br>Case No. 1:24-cv-00105-DBB<br><br>District Judge David Barlow |

Before the court is Plaintiff Maria de los Angeles Ramirez Urbina's ("Ms. Urbina") Motion for Order of Remand.[1] Ms. Urbina moves the court to remand the case back to the Utah State Court. For the reasons below, the court grants Ms. Urbina's motion.

Defendants Paragon Moving and Storage, Amrit Ezra, and Sarit Gavish ("Removing Defendants") filed a Notice of Removal on June 17, 2024, claiming removal was proper under 28 U.S.C. § 1441(b).[2] On August 12, 2024, Plaintiff filed a Motion to Remand to the Second

---

[1] Motion for Order of Remand, ECF. No. 20, filed August 12, 2024.
[2] Notice of Removal, ECF No. 2, filed June 17, 2024 ("Notice of Removal").

1

District Court of Utah, arguing the Notice of Removal is inadequate under Local Rule 81-2(a)(2).[3] Removing Defendants have not filed a response to the Motion.

Local Rule 81-2(a)(2) requires the removing party to file a Notice of Removal that complies with 28 U.S.C. § 1446(a), including information on each individual's residence and domicile, each limited liability company member's residence and domicile, and each corporation's state of incorporation and principal place of business.[4] Under these rules, Removing Defendants' notice of removal is inadequate. It states that there is complete diversity, but only alleges the citizenship of three of the seven named Defendants. Moreover, it inadequately alleges the citizenship of the parties it addresses. Removing Defendants state that Paragon Moving & Storage, Inc. "is a professional company with its principal place of business in Colorado."[5] Without stating Paragon's state of incorporation, Defendants have not adequately alleged their citizenship.

Furthermore, the notice of removal does not address the citizenship of Defendants Selvin L. Orioso, Suburban Relocation Systems, Penske Truck Leasing Corporation, and Penske Corporation. The notice also does not state whether these unaddressed Defendants have joined in or consent to the removal as required by 28 U.S.C. § 1446(2)(A). Therefore, the notice of removal is insufficient.

Removing Defendants have not addressed these insufficiencies, failing to file a response to Plaintiff's Motion to Remand. The deadline to respond to the motion was August 24, 2024, and Defendants have not filed anything with the court. Accordingly, remanding the case back to Utah state court is appropriate.

---

[3] Motion for Order of Remand 4, ECF. No. 20, filed August 12, 2024.
[4] 28 U.S.C. § 1446 (a); DUCivR 81-2(2)(A).
[5] Notice of Removal 2.

The court GRANTS Plaintiff's Motion for Order of Remand[6] and remands this action to the Second Judicial District Court of Utah.

Signed October 3, 2024.

BY THE COURT

David Barlow
United States District Judge

---

[6] ECF No. 20.